```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

SABRINA M. WILLIAMS,             )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   C.A. No. 23-12999-PBS
                                 )
COMMONWEALTH,                    )
                                 )
          Defendant.             )
```

## MEMORANDUM & ORDER

**December 21, 2023**

Saris, D.J.

Pro se plaintiff Sabrina Williams has filed an unsigned amended complaint (Doc. No. 5) against the Commonwealth in which she asks that the Court enter a judgment in her favor in a pending state action and award her damages for injuries resulting from the state court's allegedly wrongful issuance of an abuse prevention order against her.

Williams filed with her complaint a motion for leave to proceed in forma pauperis (Doc. No. 2) and a motion for a "name change" in this lawsuit (Doc. No. 3). More recently, she filed a motion for leave to file a notice of removal (Doc. No. 8), a second motion for leave to proceed in forma pauperis (Doc. No. 9), a motion for leave to file electronically (Doc. No. 10), and a second motion concerning a "name change" (Doc. No. 11).

notice of removal (Doc. No.  "Motion for Leave

For the reasons stated below, the Court will GRANT the motions for leave to proceed in forma pauperis, DENY all other motions, and order that this action be DISMISSED.

**I.   Motion for Leave to Proceed in Forma Pauperis**

Upon review of Williams's motions for leave to proceed in forma pauperis, the Court concludes that she has sufficiently shown that she is unable to pay the filing fee.  Accordingly, the motions are GRANTED.

**II.  Motion for Leave to File Notice of Removal**

Williams contends that removal of the underlying state court action to this federal court is proper because the state action "falls under the federal question jurisdiction."  (Doc. No. 8 at 1).  Regardless of the nature of her state action, as the plaintiff, Williams cannot remove it to a federal district court.  Only a defendant may remove a state court case to a federal district court.  See 28 U.S.C. § 1441(a).  Accordingly, the motion for leave to file a notice of removal is DENIED.

**III. Review of the Complaint**

   **A.   Court's Authority to Review the Complaint**

When a plaintiff is permitted to proceed without prepayment of the filing fee, the Court may conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).  This statute

2

authorizes the Court to dismiss any claims in the pleading that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See id.  The Court also has an obligation to examine its own jurisdiction.  See Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018).  In conducting this review, the Court liberally construes the complaint because Williams is proceeding pro se.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

In her amended complaint, Williams claims that, on October 11, 2023, a state court judge wrongfully issued an abuse restraining order against her.  She contends that the applicant for the order did not provide any evidence of abuse to support her claims.

Williams asks, inter alia, that this Court enter judgment in her favor as a matter of law in a pending case she brought in Essex Superior Court, Williams v. Commonwealth, 2377CV00986 (Essex Sup. Ct.).  In that action, Williams seeks termination of the abuse prevention order and monetary damages.  Williams contends that she is entitled to judgment in that action because the defendant failed to timely respond to the complaint.  Williams also moves for judgment in her favor in two interlocutory pending appeals, Williams v. Commonwealth, 2023-J-

3

0713, 2023-J-0682 (Mass. App. Ct.).

In the present action, Williams seeks compensatory and punitive damages "pursuant to Title 42 Section 1983." Amend. Comp. at 3.

### C. Discussion

The Court lacks jurisdiction to provide the relief that Williams seeks. It has no authority to rule on motions or otherwise adjudicate actions pending in another state or federal court. Further, except in narrow circumstances not relevant here, a federal district court cannot order a state court judicial officer to stay or take any other particular action in a state court case. See 42 U.S.C. § 1983; 28 U.S.C. § 2283.

Williams purports to bring this action under 18 U.S.C. § 242 and 42 U.S.C. § 1983. Amend. Compl. at 1, but neither statute provides the relief she seeks. Section § 242 of Title 18 of the United States Code allows the United States to criminally prosecute a person acting "under color of any law" who has willfully deprived a person of a right or privilege protection by federal law. It does not, however, permit a private citizen to bring a civil action against a person who has allegedly violated the statute. See, e.g., Uziel v. Superior Ct. of Cal., 857 Fed. App'x 405, 406 (9th Cir. 2021) (holding that 18 U.S.C. § 242 does not provide a private right of

4

action); Vidurek v. Koskinen, 789 Fed. App'x 889, 894 (2d Cir. 2019) (same).

Under 42 U.S.C. § 1983, a party may bring a civil action against a "person" who, while acting under the color of state or local law, violated the party's federal rights. See 42 U.S.C. § 1983. For purposes of this statute, the definition of a "person" does not include a state (including any of its agencies or departments). See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the Commonwealth is not subject to suit under § 1983.

Finally, under the Eleventh Amendment of the United States Constitution, a state is immune from suit in federal court unless the state has consented to being sued in federal court or Congress has overridden the state's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). Here, the Court cannot discern any claim for relief for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.

**IV. Motions for a "Name Change"**

In her first motion for a "name change," Williams asks that

"her name be abbreviated to her initials only, S.W." and that the "[]docket not be searchable or retrievable by her name but by her initials or by the docket number." (Doc. No. 3).  She states that allowing this relief would "allow[] the plaintiff's information to be concealed."  Id.  Similarly, in her second motion concerning a "name change," she asks that "access and visibility to the plaintiff's filings be removed from public access outside of the mass.gov, pacer.gov, etc. websites." (Doc. No. 11 at 1).  Williams states that, on December 13, 2023, she conducted an internet search using the query "Sabrina Williams Andover," and that one search result is a mass.gov website that appears to point to information concerning a lawsuit to which she is a party.  Williams contends that she "has a Constitutional Right to keep her filings and all things pertained to her filings free from public view if she has not filed documents for that intended purpose to be viewed by the public." Id.

"Litigation by pseudonym should only occur in "exceptional cases." Doe v. Massachusetts Inst. of Tech., 46 4th 61, 70 (1st Cir. 2022) (quoting Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)).  "Lawsuits in federal courts frequently invade customary notions of privacy . . . .  The allegations are often serious (at least to the parties) and motivated adversaries do not lack for

procedural weapons.  Facing the court of public opinion under these conditions is sometimes stressful — but that is the nature of adversarial litigation." Id.  "A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." Id. at 72.

Here, the Court cannot discern any "exceptional" circumstances that would merit allowing Williams to proceed using her initials or any other type of pseudonym.  Notably, the docket of the underlying state court case in which she asks this Court to interfere is easily retrieved online by searching the docket of the Essex Superior Court by party name.  See www.mass.courts.org (last visited Dec. 20, 2023).

**V.   Conclusion**

Accordingly, for the reasons set forth above:

(1)   The motions for leave to proceed in forma pauperis (Doc. Nos. 2, 9) are GRANTED.

(2)   The motion for leave to file a notice of removal (Doc. No. 8) is DENIED.

(3)   The motions for a "name change" (Doc. Nos. 3, 11) are DENIED.

(4)   This action is DISMISSED.

(5)   The motion for leave to file electronically (Doc. No. 10) is DENIED.

SO ORDERED.

                                         /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE